# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ELIJAH G. THOMAS,**

    Plaintiff,

-vs-                            Case No. 15-CV-348

**BRANDEE MORRIS,**
**KEVIN GALASKE,**
**RYAN WALDINSCHMIDT,**
**MARY STEBURG,**
**DONNA HARRIS, and**
**ERIC GROSS,**

    Defendants.

## DECISION AND ORDER

The plaintiff, Elijah Thomas, who is incarcerated at the Fond du Lac County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated by employees of the Wisconsin Department of Corrections and the Fond du Lac County Jail. This matter comes before the Court on the plaintiff's motion for leave to proceed *in forma pauperis*, the plaintiff's motion to appoint counsel, and for screening of the plaintiff's amended complaint.[1]

---

[1] The plaintiff filed his original complaint on March 30, 2015. On April 27, 2015, the plaintiff filed an Amended Complaint. A party may amend its pleading once as a matter of course, Fed. R. Civ. P. 15(a)(1), so the Court will proceed to screen the plaintiff's amended complaint.

## I. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

The prisoner lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). The Court will grant his motion for leave to proceed *in forma pauperis*.

## II. SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an "indisputably meritless legal theory" or where the factual contentions are "clearly baseless." *Neitzke*, 490 U.S. at 327. "Malicious," although "sometimes treated as a synonym for 'frivolous,' . . . is more usefully construed as intended to

harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, "a complaint must contain sufficient factual matter, accepted as true, . . . 'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings

- 3 -

that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions "must be supported by factual allegations." *Id.* If there are "well-pleaded factual allegations," the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## A. Complaint Allegations

The plaintiff is currently incarcerated at the Fond du Lac County Jail. He is suing Donna Harris, Brandee Morris, Kevin Galaske, Ryan Waldinschmidt, Mary Steburg, and Eric Gross, all of whom are employees of the Wisconsin Department of Corrections or the Fond du Lac County

Jail. The plaintiff seeks declaratory relief, injunctive relief, and compensatory damages.

In his amended complaint, the plaintiff alleges that beginning on August 15, 2014, the Fond du Lac County Jail began intercepting his mail without his knowledge or consent. Specifically, jail officials—at the request of defendant Morris, the plaintiff's parole officer—confiscated several letters that were written to the plaintiff by Hlee Cruckson. The plaintiff alleges that he complained to defendants Gross and Harris about his mail being intercepted, and they each informed him that his complaints were not justified because Morris was authorized to read Thomas' mail pursuant to Wisconsin Administrative Code DOC § 328.22(7)(c). The plaintiff filed an inmate grievance and an appeal regarding the allegations of confiscated mail. Defendants Steburg and Waldinschmidt informed the plaintiff that he would be notified in the future when his mail was being held. The plaintiff also alleges that certain jail officials failed to honor his food requests concerning the April 2015 Passover holiday.

The plaintiff purports to state First, Fourth, and Fifth Amendment claims against defendants Morris, Gross, and Harris with respect to his mail being confiscated without authorization or notification. (Am. Compl. ¶¶ 39-40.) He further alleges that defendants Galaske, Waldinschmidt,

and Steburg were aware of the situation, but they failed to notify him that his mail was being confiscated. (Am. Compl. ¶ 37.) The plaintiff also alleges that defendants Galaske, Waldinschmidt, and Steburg violated his First Amendment right to exercise his religion and that these defendants failed to honor his religious requests in retaliation for his filing the present lawsuit. (Am. Compl. ¶ 38.)

**B.    Personal Involvement**

At the outset, the Court notes that the plaintiff has not alleged any personal involvement by defendant Galaske. The allegation that Galaske was "made aware of the situation," (Am. Compl. ¶ 37), is insufficient to state a claim against Galaske for depriving him of a constitutional right. Accordingly, because the plaintiff has failed to state a claim against him, Galaske will be dismissed as a defendant in this lawsuit. *See Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) (holding that § 1983 does not establish a system of vicarious liability).

**C.    Mail**

Claims that prison officials interfered with an inmate's ability to send and receive mail are properly analyzed under the First Amendment.[2]

---

[2] Because prisoners have no expectation of privacy with respect to their property, the plaintiff has failed to articulate a viable Fourth Amendment claim. *See Hudson v. Palmer*, 468 U.S. 517, 525-30 (1984); *Sparks v. Stutler*, 71 F.3d 259, 260 (7th Cir. 1995).

*See Martin v. Brewer*, 830 F.2d 76, 77-78 (7th Cir. 1987); *Koutnik v. Brown*, 396 F. Supp. 2d 978, 983 (W.D. Wis. 2005). "[P]risoners have protected First Amendment interests in both sending and receiving mail." *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *Kaufman v. McCaughtry*, 419 F.3d 678, 685 (7th Cir. 2005). These interests are limited, however, by "the legitimate governmental interest in the order and security of penal institutions." *Koutnik*, 396 F. Supp. 2d at 983 (quoting *Procunier v. Martinez*, 416 U.S. 396, 412-13 (1974)); *see also Martin*, 830 F.2d at 77-78. Consequently, restrictions on a prisoner's receipt of nonlegal mail must be "reasonably related to legitimate penological interests." *Koutnik*, 396 F. Supp. 2d at 983-94 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)); *Rowe*, 196 F.3d at 782.

In this case, whether the restrictions placed on the plaintiff's mail were reasonably related to a legitimate penological interest remains to be seen. In other words, it would be premature for the Court to make such a determination at the pleading stage. Accordingly, the plaintiff will be allowed to proceed with a First Amendment claim against defendant Morris, who allegedly confiscated his nonlegal mail, and defendants Gross, Harris, Steburg, and Waldinschmidt, who allegedly denied the plaintiff's

---

The Court is unable to discern any viable Fifth Amendment claim.

inmate complaints, grievances, and/or appeals regarding his mail being confiscated without authorization or notification.

**D.   Religion**

Consistent with the Free Exercise Clause of the First Amendment, "[p]risons must permit inmates the reasonable opportunity to exercise religious freedom." *Maddox v. Love*, 655 F.3d 709, 718-19 (7th Cir. 2011). "However, prison restrictions that infringe on an inmate's exercise of his religion are permissible if they are reasonably related to a legitimate penological objective, such as security and economic concerns." *Id.* (citing *Turner*, 482 U.S. at 89-91); *see also Al-Alamin v. Gramley*, 926 F.2d 680, 687 (7th Cir. 1991) (holding that prison officials "need make only reasonable efforts to afford . . . inmates an opportunity to practice their faith").

As stated above, it would be premature for the Court to determine at this early stage whether a legitimate penological objective existed for the restriction on the plaintiff's constitutional right. Accordingly, the plaintiff will be allowed to proceed with a First Amendment claim against defendants Waldinschmidt and Steburg, who allegedly denied his inmate complaints, grievances, and/or appeals regarding his requests for the Passover holiday.

**E. Retaliation**

To state a claim of retaliation, the plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)).

The Court finds that the plaintiff will not be allowed to proceed with a retaliation claim against any defendants. The plaintiff's **"belief"** that the defendants' failure to honor his requests concerning Passover "had something to do with [his] fileling [sic] a 42 U.S.C. 1983 lawsuit," (Am. Compl. ¶ 30), is insufficient to raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555. Moreover, most of the plaintiff's allegations concerning Passover occurred **before** the plaintiff filed the present lawsuit on March 30, 2015. For example, on January 26, 2015, defendant Waldinschmidt denied the plaintiff's inmate appeal, finding that his requests were "too vague." (Am. Compl., Ex. M.) Thus, the plaintiff's complaint does not raise a plausible link between the protected activity and his alleged deprivation.

## F. Injunctive Relief

In his amended complaint, the plaintiff seeks a preliminary injunction ordering the defendants to stop confiscating his mail and to cease retaliating against him. (Am. Compl. ¶ 42.)

To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, the plaintiff must show that: (1) his underlying case has some "likelihood of success on the merits"; (2) no adequate remedy at law exists; and (3) he will suffer "irreparable harm" without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If the plaintiff demonstrates all three requirements, the Court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

The Court finds that the plaintiff has failed to satisfy the above standard. First, the Court has already determined that the plaintiff will not be allowed to proceed with a retaliation claim. Second, at this early stage—and with no response from the defendants—the plaintiff has not established a likelihood of success on the merits. Third, the plaintiff's choice to pursue declaratory relief and compensatory damages as a remedy for the defendants' alleged deprivations undermines the plaintiff's claim

that no adequate remedy exists at law. Accordingly, the Court will deny the plaintiff's request for a preliminary injunction.

## III. MOTION TO APPOINT COUNSEL

The plaintiff has also filed a motion asking the Court to appoint a lawyer to represent him. The Court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 781 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "'tasks that normally attend litigation' such as 'evidence gathering' and 'preparing and responding to motions.'" *Id.*

In this case, the plaintiff has not provided evidence that he has made any efforts to obtain legal counsel on his own. Accordingly, the Court will deny the plaintiff's motion to appoint counsel. Moreover, even if the

plaintiff had provided such evidence, the Court would nevertheless deny his motion at this time. The plaintiff's amended complaint is articulate and well-organized. Indeed, the plaintiff attached several exhibits to his amended complaint that document his inmate complaints, grievances, and appeals. Thus, the Court finds that the plaintiff is capable, at least at this stage in the proceedings, of litigating this case without the assistance of counsel.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's request for a preliminary injunction is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Galaske is **DISMISSED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (ECF No. 5) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of the plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service

- 12 -

on the following defendants: Brandee Morris, Donna Harris, and Eric Gross.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, the state defendants shall file a responsive pleading to the amended complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon defendants Ryan Waldinschmidt and Mary Steburg pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that defendants Waldinschmidt and Steburg shall file a responsive pleading to the plaintiff's amended complaint.

**IT IS FURTHER ORDERED** that the Sheriff of Fond du Lac County shall collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the Sheriff of Fond du Lac County.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All

defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 21st day of September, 2015.

                                      **BY THE COURT:**

                                      */s/ Rudolph T. Randa*
                                      **HON. RUDOLPH T. RANDA**
                                      **U.S. District Judge**